IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE TIMMONS,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:10-CV-0230-M |
| | § | |
| NATHANIEL QUARTERMAN,<br>　　　　Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

　　Type of Case: This is a *pro se* civil rights action.

　　Parties: Plaintiff Ronnie Timmons ("Timmons") is a resident of Dallas, Texas. Defendant is Nathaniel Quarterman, the former director of the Texas Department of Criminal Justice, Correctional Institutions Division. The court did not issue process in this case, pending preliminary screening.

　　Statement of Case: On February 5, 2010, Plaintiff filed a one-line complaint alleging that he "was sent to prison without seeing a judge." On February 18, 2010, the court issued a deficiency order, notifying Plaintiff that his complaint failed to comply with Fed. R. Civ. P. 8(a), and his motion to proceed *in forma pauperis (*IFP) was insufficient to determine whether he was entitled to proceed without payment of the filing fee. On February 22, 2010, Plaintiff submitted an amended complaint alleging he was arrested for theft under $25.00 and was confined in the

Dallas County Jail for ten months, and in prison for three months.

On October 12, 2007, Plaintiff filed a prior habeas corpus action against Nathaniel Quarterman challenging a four-year theft conviction. *See Timmons v. Quarterman*, 3:07cv1730-M (N.D. Tex. 2007). On February 19, 2008, the court accepted the recommendation of the undersigned magistrate judge and dismissed the habeas petition for want of jurisdiction concluding Petitioner could not satisfy the in custody requirement with respect to his theft conviction. *Id.* Insofar as he sought monetary relief, the court construed his claim as a civil rights action which the court dismissed summarily under the doctrine of *Heck v. Humphrey*. *Id.* Plaintiff appealed. The Fifth Circuit Court of Appeals dismissed his appeal for want of prosecution. *See Timmons v. Quarterman*, No. 08-10210 (5th Cir. May 22, 2008). Petitioner unsuccessfully sought to reinstate his case on three separate occasions. *See* Orders filed on Jun. 26, 2008, Jan. 21, 2009, and Aug. 5, 2009 (Doc. #28, 31 and 37). The Fifth Circuit dismissed the appeal from the latter order for want of prosecution. *See Timmons v. Thaler*, 09-10801 (Nov. 30, 2009).

<u>Findings and Conclusions</u>: The court granted Plaintiff leave to proceed *in forma pauperis*. His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .

28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious when it "duplicates allegations of another [] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Although the *Pittman*

2

court referred to allegations duplicative of pending federal litigation in discussing maliciousness, other cases make it clear that the prior lawsuit need not be pending.  In *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit recognized that an *in forma pauperis* action may be dismissed as frivolous when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."  *See also Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissal of *in forma pauperis* complaint was proper because suit was duplicative of previously dismissed lawsuit); *Willis v. Bates*, 78 Fed. Appx. 929, 930, 2003 WL 22427405, *1 (5th Cir. Oct. 22, 2003) (unpublished per curiam) ("[A]" district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit.").

It is clear that the allegations in this action duplicate the claims pursued in Plaintiff's prior federal habeas action.  *See* No. 3:07-cv-1730-M.  Therefore, this case should be dismissed *sua sponte* with prejudice as frivolous.

Plaintiff should be warned that if he persists in filing frivolous lawsuits, the court may impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval.  Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone,* 986 F.2d 898, 902 (5th Cir.1993).  Included in such power is the authority "to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without

paying the normal filing fees--indeed, *are not entitled to sue and appeal, period."  Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED *sua sponte* with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

It is further recommended that Plaintiff be WARNED that sanctions may be imposed if he persists in filing frivolous lawsuits.

Signed this 24th day of February, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.